United States District Court Western District of
Virginia Roanoke Division

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 28 2018
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

Albert Steven Tate 1843977
  Plaintiff
V.
Major George Hembree
Major Bryan Parks
In Their Individual and Official Capacities
  Defendants

Jury Trial Demanded
Civil Action: 7:18cv00044

## Brief In Opposition To Defendants Motion To Dismiss Plaintiffs Amended Complaint

This is a civil rights action filed by Albert Steven Tate a state inmate, for damages and injunctive relief under 42 U.S.C. § 1983, alleging violation of the Fourteenth Amendment of the Constitution of the United States, confinement in Administrative Segregation to include "Punishment as a Pretrial Detainee, Due Process Clause, Equal Protection Clause" and violation of the First Amendment Censorship.

### Jurisdiction

1. The Court has jurisdiction over the Plaintiffs claim of violation of federal constitutional rights under 42 U.S.C. § 1331 (2) 1343.

### Parties

2. The Plaintiff, Albert Steven Tate, was a pretrial detainee at the Southwest Virginia Regional Jail Duffield Virginia during the events described in this complaint.

3. Defendants Major George Hembree was the Jail Administrator at the Southwest Virginia Regional Jail Duffield Virginia. He is sued in Individual

AND OFFICIAL CAPACITIES.

4. Defendant Major Bryan Parks was the chief of Security at the Southwest Virginia Regional Jail, Duffield, Virginia. He is being sued in his individual and official capacities.

5. All the Defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

## FACTS

6. On August 4, 2016, the Plaintiff was transferred to Southwest Virginia Regional Jail Duffield Virginia and placed in segregation without explanation as a pretrial detainee.

7. On September 8, 2016 the Plaintiff came back from court and placed on Administrative Segregation in the "SHU" as a pretrial detainee without explanation

I. Denial of Due Process Clause under Fourteenth Amendment

8. On September 8, 2016 the Plaintiff was placed on Administrative Segregation as a form punishment for the alleged actions of an attempted escape.

9. On October 5, 2016 the Plaintiff sent Defendant Parks a request about getting moved out of the "SHU", out into a POD and off of Administrative Segregation.

10. On October 7, 2016 Defendant Bryan Parks responded back to the request: You are housed in the SHU as an Administrative decision, you were charged with an Attempt Escape that is why you are housed in the "SHU."

11. On October 7, 2016 the Plaintiff sent Defendant Parks

ANOTHER REQUEST FOR INFORMATION, ASKING ABOUT ACCESS TO THE LAW LIBRARY TO RESEARCH CASE SPECIFICS IN REGUARDS TO THE ALLEGED CHARGES. SINCE THE PLAINTIFF WAS ON ADMINISTRATIVE SEGREGATION AS A PRETRIAL DETAINEE AND CANNOT BE PUNISHED WITH RESPECT TO CONDITIONS AND RESTRICTIONS AN PUNISHMENT REQUIRES A CONVICTION WHICH THE PLAINTIFF HAD NOT BEEN CONVICTED OF A CRIME.

12. DEFENDANT PARKS RESPONDED BACK OCTOBER 11, 2016 IN THE SHU YOU CAN HAVE ACCESS TO THE BLACKS LAW DICTIONARY. NOT THE LAW LIBRARY

13. DEFENDANT PARKS RESPONDED TO ANOTHER REQUEST BY THE PLAINTIFF ON FEBRUARY 1, 2017 INMATES HOUSED IN THE SHU REGUARDLESS OF THE REASON ARE ALL SUBJECT TO THE SAME RESTRICTIONS.

DENIED EQUAL PROTECTION

14. PLAINTIFF ON MAY 10, 2017 SENT DEFENDANT PARKS A REQUEST IN REGUARDS TO HOUSING SINCE THERE WERE INMATES BEEN CONVICTED OF ESCAPE IN THE WORK POD, MINIMUM, MEDIUM, MAX.

15. DEFENDANT PARKS RESPONDED ON MAY 15, 2017 THAT CHARGE WAS NOT A HOUSING CHARGE, YOU WERE CHARGED CRIMINALLY OUT OF SCOTT COUNTY, VA. AS LONG AS YOU ARE HOUSED IN THE SHU YOU ARE SUBJECT TO ANY AND ALL RESTRICTIONS PLACED ON OTHER INMATES.

16. PLAINTIFF ON MAY 17, 2017 SENT DEFENDANT PARKS A REQUEST ASKING IF I REQUIRE A HIGHER SECURITY AND SUCH A THREAT. WHY IS. DAVID WILLIAMS ESCAPED

FROM DUFFIELD REGIONAL JAIL, GONE FOR A WEEK BEING HOUSED IN THE WORKPOD), GEORGE HALL (ESCAPE) WORKPOD, HARVEY HAYNES (ESCAPED) MINIMUM, CHRIS FARMER (ESCAPE) MAX, SILAS FEE (ESCAPED) MEDIUM, STEVEN MOORE (2X ESCAPED) WORKPOD, SHAWN GOSE (ESCAPED) MINIMUM, CODY RAY (ESCAPE) MAX, ANTHONY CASH (PENDING ESCAPE) MAX.

17. DEFENDANT PARKS ON MAY 15, 2017 RESPONDED I CAN ONLY SPEAK TO YOU ABOUT YOUR SITUATION. I WILL NOT DISCUSS ANOTHER INMATE WITH YOU.

18. DEFENDANT PARKS ON MAY 22, 2017 RESPONDED TO THE PLAINTIFF WHOM IS STILL A PRETRIAL DETAINEE, IT WAS YOUR ACTIONS THAT GOT YOU IN THE SHU. AN TO ENSURE YOU REMAIN INCARCERATED UNTIL THE JUDGE RELEASES YOU OR YOU SERVE WHATEVER AMOUNT OF TIME YOU ARE SENTENCED TO.

19. DEFENDANT BRYAN PARKS ON MAY 22, 2017 RESPONDED THAT THE MAJOR GEORGE HEMBREE OR MYSELF WILL MAKE THE DECISION WHEN OR IF YOU ARE TO BE MOVED.

20. DEFENDANT PARKS ON MAY 26, 2017 WROTE MR TATE IT HAS BEEN EXPLAINED TO YOU WHY YOU ARE HOUSED IN THE SHU. THE SHU IS DIFFERENT FROM MAX HOUSING IT HAS BEEN EXPLAINED THAT THE CHIEF OF SECURITY (ME) MAKES THE DETERMINATION ABOUT YOUR HOUSING AND THAT YOU WILL BE NOTIFIED WHEN A CHANGE OCCURS.

21. DEFENDANT PARKS ON JUNE 2, 2017 STATED THERE IS NO TIMELINE FOR HOW LONG YOU WILL REMAIN IN THE SHU ON ADMINISTRATIVE SEGREGATION. WHEN IT CHANGES YOU WILL BE NOTIFIED.

## III. Violation of First Amendment Cencorship

22. Plaintiff went to court on May 26, 2017. Upon entrance into the court, the Commonwealth Attorney handed me a letter, the front and back of the envelope (Exhibit 23 and 24) with a Rec'd 5-25-17. The envelope had not been processed by the United States Postal Service, and the back of the envelope had not been stamped by the jail.

23. Defendant Parks responded on June 12, 2017 to a request from the plaintiff asking why his outgoing mail was opened and sealed back up and stamped "The contents has not been searched or cencored by SWVRJA". Parks stated: No laws were violated. Mail was not searched. Outgoing mail is considered property of SWVRJA until it is delivered to the United States Post Office.

24. Defendant Parks in a court response stated it is obvious the recipient was the one that had taken the letter to the Commonwealth Attorney and copied it for them. But that would not be possible since the letter has no proof of being scanned and delivered by United States Postal Service.

## Claims For Relief

25. The actions of Defendant Major George Hembree for failure to protect the plaintiffs First Amendment and Fourteenth Amendment Constitutional Rights of the United States.

26. The actions of Defendant Major George Hembree for violation of the Plaintiffs First Amendment (Censorship) and Fourteenth Amendment (Punishment as a Pretrial Detainee, Due Process Clause, Equal Protection Clause)

27. The actions of Defendant Major Bryan Parks for violations of the Plaintiffs First Amendment (Censorship) (Illegally search outgoing mail) and Fourteenth Amendment (Punishment as a Pretrial Detainee 475 days on Administrative Segregation an 525 days total," Due Process Clause, Equal Protection Clause).

## RELIEF REQUESTED

Wherefore, Plaintiff request that the Court grant the following relief:

A. Issue a Declaratory Judgement stating that:

1. The Defendants Major George Hembree for violation of the Plaintiffs Fourteenth Amendment (Punishment of a Pretrial Detainee, 475 on Administrative Segregation an 525 days total)

2. The Defendant Major George Hembree for violation of the Plaintiff's Fourteenth Amendment Due Process Clause of the United States Constitution.

3. The Defendant Major George Hembree for violation of the Plaintiffs Fourteenth Amendment Equal Protection Clause of the United States Constitution

4. The Defendant Major George Hembree for violation of the Plaintiffs First Amendment.

5. The Defendant Major Bryan Parks for violation of the Plaintiffs First Amendment of the United States Constitution (Illegally searching outgoing mail)

6. The Defendant Major Bryan Parks for violation of the plaintiffs First Amendment of the United States Constitution (Denied access to law library)

7. The Defendant Major Bryan Parks for violation of the plaintiffs Fourteenth Amendment of the United States Constitution (Punished a pretrial detainee by placing on administrative segregation in the SHU 475 days an a total of 525 days)

8. The Defendant Major Bryan Parks for violation of the plaintiffs Fourteenth Amendment of the United States Constitution (Due Process Clause)

9. The Defendants Major Bryan Parks for violation of the plaintiffs Fourteenth Amendment of the United States Constitution (Equal Protection Clause)

B. Award Compensatory Damages in the following amounts:

1. $150,000.00 Jointly and Seperately Against Defendants Major George Hembree and Major Bryan Parks for the physical and emotional injuries sustained by the plaintiff for being held on administrative segregation for 475 days as a pretrial detainee and 525 days total

2. $50,000.00 Jointly and Seperately Against Defendants Major George Hembree and Major Bryan Parks for the punishment and emotional injury resulting from denial of due process in connection with the Fourteenth Amendment of the United States Constitution.

3. $50,000.00 Jointly and Seperately Against Defendants Major George Hembree and Major Bryan Parks for the

PUNISHMENT AND EMOTIONAL INJURIES RESULTING IN THE DENIAL OF EQUAL PROTECTION CLAUSE UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

4. $25,000.00 JOINTLY AND SEPERATELY AGAINST THE DEFENDANTS MAJOR GEORGE HEMBREE AND MAJOR BRYAN PARKS FOR THE PUNISHMENT AND EMOTIONAL INJURIES RESULTING IN THE DENIED ACCESS TO THE LAW LIBRARY COVERED UNDER DUE PROCESS AND THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION.

5. $25,000.00 JOINTLY AND SEPERATELY AGAINST THE DEFENDMENTS MAJOR GEORGE HEMBREE AND MAJOR BRYAN PARKS FOR THE PUNISHMENT AND EMOTIONAL INJURIES RESULTING IN THE DENIAL OF FIRST AMENDMENT CENCORSHIP OF THE UNITED STATES CONSTITUTION.

C. AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNT: $40,000.00 EACH AGAINST DEFENDANTS MAJOR GEORGE HEMBREE AND MAJOR BRYAN PARKS

A PRISONER IS NOT STRIPPED OF CONSTITUTIONAL RIGHTS (PROTECTIONS) AT THE PRISON GATE, BUT RATHER HE RETAINS ALL RIGHTS OF AN ORDINARY CITIZEN, BELL V. WOLFISH 441 US 520, 60 LEd2d 447, 99 Sct 1800 (1979).

RESPECTFULLY SUBMITTED
ALBERT S. TATE 1843977
KMCC PO BOX 860 OAKWOOD, VA 24631
DATE: JUNE 25, 2018

ALBERT S. TATE
#1843977
KEEN MOUNTAIN CORRECTION CENTER
PO BOX 860
OAKWOOD, VA 24631

LEGAL MAIL



Charleston P&DC 253
TUE 26 JUN 2018 PM

United States District Court
Office of the Clerk
210 Franklin Rd Room 540
Roanoke, VA 24011