CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 2 2 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF VIRGINIA ROANOKE DIVISION

ALBERT STEVEN TATE   PLAINTIFF
Vs.                                          CIVIL ACTION No: 7:18CV00044
BRYAN PARKS  DEFENDANT
IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

BRIEF IN OPPOSITION TO DEFENDANTS MOTION FOR
SUMMARY JUDGMENT

PLAINTIFF ALBERT STEVEN TATE MOVES FOR THE COURT TO
DENY THE DEFENDANT PARKS MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES RULE 56. PLAINTIFF FILES
THIS BRIEF IN OPPOSITION TO DEFENDANTS MOTION FOR A SUMMARY
JUDGMENT AND ASK THIS COURT FOR COMPENSATORY DAMAGES AWARD.
AND PUNITIVE DAMAGES AN ANY OTHER RELIEF THIS COURT DEEMS
NECESSARY. THE PLAINTIFF RELIES UPON THE EVIDENCE PROVIDED IN
FORMS OF EXHIBITS AND THE TRUTHFULNESS IN THE FACTS.

I. STATEMENT OF THE CASE

THIS IS A CIVIL RIGHTS ACTION FILED BY ALBERT STEVEN TATE,
A STATE INMATE, FOR COMPENSATORY DAMAGES AND PUNITIVE DAMAGES
TO BE AWARDED UNDER 42 U.S.C. §1983, ALLEGING VIOLATION OF
THE 14TH AMENDMENT, PUNISHMENT AS A PRETRIAL DETAINEE,
DUE PROCESS, EQUAL PROTECTION. AND VIOLATION OF THE 1ST AMEND.
CENSORSHIP OF THE CONSTITUTION OF THE UNITED STATES.

1. THE COURT HAS JURISDICTION OVER THE PLAINTIFFS CLAIM OF VIOLATION OF CONSTITUTION RIGHTS UNDER

(1)

42 U.S.C. § 1983.

## PARTIES

2. PLAINTIFF ALBERT STEVEN TATE A PRETRIAL DETAINEE AT THE SOUTHWEST VIRGINIA REGIONAL JAIL -DUFFIELD VIRGINIA DURING THE EVENTS DESCRIBED IN THIS COMPLAINT.

3. DEFENDANT BRYAN PARKS WHO WAS CHIEF OF SECURITY AT THE SOUTHWEST VIRGINIA REGIONAL JAIL DUFFIELD, VIRGINIA WHO WAS ACTING UNDER COLOR OF STATE LAW HE IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

4. AUGUST 4, 2016 PLAINTIFF WAS TRANSFERED TO SOUTHWEST VIRGINIA REGIONAL JAIL -DUFFIELD VIRGINIA AND PLACED IN THE "SHU" ON SEGREGATION AS A PRETRIAL DETAINEE WITHOUT ANY EXPLANATION.

5. FEBRUARY 2, 2018 PLAINTIFF WAS REMOVED FROM THE "SHU" ON ADMINISTRATIVE SEGREGATION TO MAX HOUSING (6B)

6. PLAINTIFF SPENT 520 DAYS ON ADMINISTRATIVE SEGREGATION AS A PRETRIAL DETAINEE

II. RESPONSE TO DEFENDANT STATEMENT OF THE CASE

7. DEFENDANTS #1: PLAINTIFF WAS A PRETRIAL DETAINEE FROM AUGUST 4, 2016 TO JANUARY 25, 2018.

8. PLAINTIFF AS PRETRIAL DETAINEE CAN NOT BE PUNISHED. THERE IS ABSOLUTELY NO QUESTION THAT PRETRIAL DETAINEES HAVE A 14TH AMENDMENT DUE PROCESS RIGHTS TO BE FREE FROM ANY PUNISHMENT.

9. DEFENDANTS # 5: PLAINTIFF ON OR ABOUT AUGUST 15, 2016

(2)

SENT A LETTER TO HIS WIFE OUTLINING AN ESCAPE PLAN.

10. PLAINTIFFS RESPONSE, THERE WAS A LETTER SENT TO MY WIFE. HOWEVER, WHEN A PERSON KNOWS HE IS INNOCENT AND IS SCARED, AND JUST WANTS TO BE AT HOME WITH HIS FAMILY AND KIDS. PLAINTIFF WAS JUST SAYING THINGS AND NOT THINKING. THE PLAINTIFF WAS ONLY GOING OFF OF EMOTIONS, THERE WAS NEVER ANY ATTEMPT TO LEAVE.

11. DEFENDANT #7: PLAINTIFF APPEAR AT A BOND HEARING SEPTEMBER 8, 2016 AT WHICH TIME THE LETTER WAS BROUGHT OUT, AND TO BE HONEST I HAD FORGOTTEN ABOUT IT SINCE I WAS STARTING TO ADJUST TO BEING HELD IN JAIL AFTER THAT DAY NOTHING ELSE WAS EVER SAID ABOUT IT.

12. DEFENDANT #8: PLAINTIFF SAID AT BOND HEARING, ADMITTED TO SENDING THE LETTER AND BEING DESPERATE TO LEAVE JAIL.

13. PLAINTIFFS RESPONSE YES TO THE LETTER BEING SENT BUT THERE WAS NO DESPERATE TO LEAVE THE JAIL EVER SAID, ONLY THAT I WANTED TO BE WITH MY FAMILY AND KIDS.

14. DEFENDANTS #11: AS A RESULT OF PLAINTIFFS USE OF THE MAIL TO AID IN AN ESCAPE PLAN, THE JAIL INSPECTED ALL OF THE PLAINTIFFS OUTGOING NON-LEGAL MAIL.

(3)

15. PLAINTIFFS RESPONSE, IF ALL OF THE OUTGOING MAIL WAS BEING SEARCHED AND COPIED AND SEALED BACK UP AND SENT TO THE UNITED STATES POSTAL SERVICE FOR PROCESSING, WHERE ARE EACH OF THE COPIES AT? WHERE IS THAT IN THE POLICY AND REGULATIONS? THE DEFENDANT PARKS AS CHIEF OF SECURITY, WHO IS SUPPOSE TO KNOW EVERYTHING GOING ON AT THE JAIL. WHY WOULD HE ADMIT TO THE OUTGOING MAIL BEING SEARCH, THEN DENY THE MAIL HAD BEEN SEARCHED. THE DEFENDANT ALSO SAID THAT NO OUTGOING MAIL WAS SEARCHED OR COPIED. THE DEFENDANT AS CHIEF OF SECURITY TO SAY HE HAD NO KNOWLEDGE OR INVOLVEMENT AT ALL. WOULD BE TO UNDERMIND THE JOB TITLE AND AUTHORITY OF PARKS.

16. DEFENDANTS #12: MAIL COPIED WAS THEN PLACED IN THE MAIL TO PLAINTIFFS INTENDED RECIPIENT OR GIVEN TO THE PLAINTIFF.

17. PLAINTIFFS RESPONSE, IF ALL MAIL WAS SEARCHED AND COPIED, HOW CAN "THE JAIL" STAMP ON THE BACK OF THE LETTER "THIS OUTGOING MAIL HAS NOT BEEN CENSORED OR CONTENTS SEARCHED BY THE S.W.V.R.J.A." SINCE THAT WOULD BE A FALSE STATEMENT. AND THERE SHOULD BE NO STAMP ON ANY OUTGOING MAIL THAT I SENT, BECAUSE ACCORDING TO THE AFFIDAVIT ALL MY MAIL WAS SEARCHED AND COPIED.

(4)

18. DEFENDANT #13: PLAINTIFF'S MAIL WAS NEVER ALTERED, CENSORED, OR OTHERWISE NOT SENT TO ITS INTENDED RECIPIENT.

19. PLAINTIFFS RESPONSE, AS MS PATRICK HAS SWORN TO THAT ALL OF MY OUTGOING MAIL WAS OPENED COPIED AND PLACED BACK IN THE ENVELOPE, STAMPED, AND SENT TO THE RECIPIENT. HOWEVER, WOULD NOT MEAN THE MAIL HAD BEEN CENSORED? THEN, THE STATEMENT OF PLAINTIFF'S MAIL WAS NEVER CENSORED OR ALTERED WOULD BE FALSE, AND MISLEADING TO THE CONTRARY.

20. DEFENDANT #14: THE JAIL HAS A POLICY REGARDING ADMINISTRATIVE SPECIAL HOUSING.

22. PLAINTIFFS RESPONSE, TO THE POLICY ON ADMINISTRATIVE SPECIAL HOUSING, THE PLAINTIFF ASK THE DEFENDANT FOR THE POLICY ON THAT AS WELL AS THE REGULATION BUT WAS NEVER PROVIDED.

22. DEFENDANT'S #15: ADMINISTRATIVE RATIONALE FOR HOUSING AN INMATE IN ADMINISTRATIVE SPECIAL HOUSING VARY WILDLY, TO INCLUDE AT THE REQUEST OF THE INMATES OR THE NEED FOR HEIGHTENED SECURITY BASED ON ANALYSIS OF CERTAIN FACTORS REGARDING THE INMATE.

23. PLAINTIFFS RESPONSE, WHAT FACTORS ARE THOSE? SINCE IN THE COURT OF LAW, YOU ARE INNOCENT UNTIL PROVEN GUILTY. SO FOR 520 DAYS AS A PRETRIAL DETAINEE I WAS A SECURITY THREAT AND WARDED

(5)

HEIGHTENED SECURITY BASED ON CHARGES THE COURT HAS
NOT CONVICTED THE PLAINTIFF ON. THE JAIL HAS THE
AUTHORITY TO PUNISH SOMEONE IN THE COURT OF
LAW, ACCORDING TO THE DEFENDANT AND PATRICK.
HOWEVER, PRISON OR JAIL OFFICIALS ARE NOT A LAW
UNTO THEMSELVES, THEREFORE CAN NOT DO AS THEY
PLEASES ABSENT A COLORABLE LEGAL BASIS TO DO SO,
IF PRISON OR JAIL OFFICIALS BECOMES A LAW BREAKER
THEN THEY ALSO BREED CONTEMPT FOR LAW.

24. DEFENDANT #16: PLAINTIFF WAS NOT HELD IN THE
ADMINISTRATIVE HOUSING FOR DISCIPLINARY REASONS.

25. PLAINTIFF'S RESPONSE, BASED ON PATRICK'S RESPONSE THAT
THE PLAINTIFF WAS NOT BACK IN THE "PHU" FOR
DISCIPLINARY REASONS, THEN WHY WAS THE PLAINTIFF
BEING DENIED ACCESS TO THE LAW LIBRARY VISITS,
COMMISSARY, BOOKS, PAPER OR OTHER MATERIAL. HOWEVER,
THE PLAINTIFF WAS BEING PUNISHED BY THE JAIL
AS A PRETRIAL DETAINEE IN RESPECT TO CONDITIONS
AND RESTRICTIONS THAT AMOUNT TO PUNISHMENT.
UNDER THE 14TH AMENDMENT THE IS ABSOLUTELY
NO QUESTION THAT PRETRIAL DETAINEES HAVE DUE
PROCESS RIGHTS TO BE FREE FROM ANY PUNISHMENT.

26. DEFENDANT'S #18: SPECIFICALLY, PLAINTIFF WAS EVALUATED
TO BE A HIGH RISK BASED UPON THE CRIMINAL
CHARGES HE FACED, AND HIS ESCAPE ATTEMPT.

(6)

27. Plaintiffs response, the jail can place inmates with murder charges, escape, forced escape, drug dealers in the work pod in the community around kids, schools, churches, and house them from minimum, medium, max housing. And someone with no criminal record, and never been convicted of a charge is deemed a higher risk and needed to be restricted and punished. However, the day the judge signed the order on February 2, 2018 I was moved out of the SHU to max housing and no longer required the extra punishment.

II. **Plaintiffs response to defendants standard of review**

28. Defendant states the moving party carries the burden of proving there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law. Fed. R. Civ. Rule 56.

29. However, there is material fact the constitutional rights of the United States are a protected right. Jail or prison walls do not form a barrier separating the inmates from the protections of the constitution: thus when regulations or practice offends a fundamental constitutional guarantee, federal courts will discharge their duty to protect prisoners' constitutional rights.

30. Defendant states the mere existence of some

(7)

ALLEGED FACTUAL DISPUTE BETWEEN PARTIES WILL NOT DEFEAT AN OTHERWISE PROPERLY SUPPORTED MOTION FOR SUMMARY JUDGMENT; THE REQUIREMENT IS THAT THERE IS NO GENUINE ISSUE OF MATERIAL FACT. STATEFARM MUT. AUTO. INS. V. BRIGHT (W.D. VA 1994)

31. DEFENDANT CONTINUES, THE NONMOVING PARTY MUST DO MORE THAN SIMPLY SHOW THAT THERE IS SOME METAPHYSICAL DOUBT AS TO THE MATERIAL FACT; THE PARTY MUST DEMONSTRATE THAT THERE IS A GENUINE ISSUE FOR TRIAL. CLAW V. LAPORTA, (E.D. VA 1993) THE NONMOVING PARTY CANNOT CREATE A GENUINE ISSUE OF MATERIAL FACT THROUGH MERE SPECULATIONS OR THE BUILDING OF ONE INFERENCE UPON ANOTHER. BEALE V. HARDY (4TH CIR. 1985) EVEN THOUGH THE NONMOVING PARTY IS ENTITLED TO ALL FAVORABLE INFERENCES TO BE DRAWN FROM THE EVIDENCE, BASED ON FACTS.

32. PLAINTIFFS RESPONSE, THE ISSUE AND FACTS THE PLAINTIFFS RELIES ON IS THE PROTECTION OF THE CONSTITUTION OF THE UNITED STATES, THE WRITTEN REQUEST, THE INCONSISTENCIES IN THE PLEADINGS BY THE DEFENDANT AND THE RULES AND REGULATIONS. THE COURT IS OBLIGATED TO REVIEW THE FACTS AND MUST BE REVIEWED IN THE LIGHT MOST FAVORABLE TO THE PLAINTIFF. HOWEVER, THE MERE

(8)

FACTS FOR THIS CASE TO GO TO TRIAL, IS SO THE TRUTH
AND THE FACTS OF THE LAW WILL BE PROVEN. THERE
IS NO RATIONAL JAIL OR PRISON OFFICIAL HAS THE
AUTHORITY TO DENY AN INMATE FUNDAMENTAL
CONSTITUTIONAL RIGHTS, WHICH WHAT THE DEFENDANT
HAS DONE. WHEN A STATE OR LOCAL OFFICIAL IS A
PERSON ACTING UNDER COLOR OF STATE LAW DEPRIVES
THE PRISONER OF RIGHTS GUARANTEED BY THE
CONSTITUTION OR FEDERAL LAWS 1) MISUSE OF POWER
POSSESSED BY VIRTUE OF STATE LAW AND IS POSSIBLE
ONLY BECAUSE THE WRONGDOER IS CLOTHED WITH THE
AUTHORITY OF STATE LAW, IS THE REASON FOR THE
TRIAL TO GO FORWARD TO PROTECT THE RIGHTS OF
PRISONERS FROM THE WRONGDOERS.

III. **PLAINTIFFS RESPONSE TO DEFENDANTS ARGUMENTS**

a. <u>DEFENDANTS: DUE PROCESS FAILS</u>

33. DEFENDANT STATES, TO ESTABLISH A CLAIM OF PROCEDURAL
DUE PROCESS, A PRISONER MUST, "ALLEGE FIRST THAT
HE POSSESSED A PROTECTED LIBERTY INTEREST, AND
WAS NOT AFFORDED THE REQUISITE PROCESS
BEFORE BEING DEPRIVED OF THAT LIBERTY INTEREST.

34. PLAINTIFFS RESPONSE, THE FIFTH AND FOURTEENTH
AMENDMENTS PROHIBIT THE GOVERNMENT FROM DEPRIVING
AN INMATE OF LIFE, LIBERTY, OR PROPERTY WITHOUT
DUE PROCESS OF LAW. DUE PROCESS ALWAYS REQUIRES,

(9)

AT A MINIMUM, NOTICE AND AN OPPORTUNITY TO RESPOND.

35. DEFENDANT STATES, A TWO PART TEST IS UTILIZED TO DETERMINE IF A PROTECTED LIBERTY INTEREST EXISTS. FIRST, THE PRISONER MUST SHOW THE CONFINEMENT AT ISSUE CREATES, "AN ATYPICAL AND SIGNIFICANT HARDSHIP IN RELATION TO THE ORDINARY INCIDENTS OF PRISON LIFE." CRUZ, 202 F3d AT 597 QUOTING SANDIN V. CONNER 1995) SECOND, THE PRISONER MUST SHOW THE STATE HAS GRANTED INMATE'S PROTECTED LIBERTY INTEREST IN BEING FREE FROM THAT CONFINEMENT BY STATUTE OR REGULATION.

36. PLAINTIFF'S RESPONSE, PRISONERS CONFINEMENT IN ADMINISTRATIVE SEGREGATION FOR YEARS WAS SUFFICIENTLY ATYPICAL AS TO GIVE RISE TO A PROTECTED DUE PROCESS LIBERTY INTEREST. A DEPRIVATION FALLS WELL WITHIN THE 14TH AMENDMENT, DEFINITION OF LIBERTY ONLY IF IT IMPOSES AN ATYPICAL/ SIGNIFICANT HARDSHIP IN RELATION TO THE ORDINARY INCIDENTS OF PRISON LIFE, THE 14TH AMENDMENT DUE PROCESS CLAUSE IS PROTECTED.

37. DEFENDANT STATES, INMATES HAVE NO LIBERTY INTEREST IN RETAINING OR RECEIVING ANY PARTICULAR SECURITY OR CUSTODY STATUS AS LONG AS THE CONDITIONS OF CONFINEMENT IS WITHIN THE SENTENCE IMPOSED

(10)

AND IS OTHERWISE VIOLATIVE OF THE CONSTITUTION.

38. PLAINTIFFS RESPONSE, DEFENDANT STATED INMATES HAVE NO LIBERTY INTEREST AS LONG AS THE CONDITIONS OR DEGREE OF CONFINEMENT IS WITHIN THE IMPOSED SENTENCE. HOWEVER, INMATES DO HAVE LIBERTY INTEREST IN REGARDS TO CONDITIONS OF CONFINEMENT, SINCE THE WORD "IMPOSED SENTENCE" REQUIRES A CONVICTION AS THE PLAINTIFF WHO WAS A PRETRIAL DETAINEE, WITHOUT A CONVICTION OR IMPOSED SENTENCE, THERE IS ABSOLUTELY NO QUESTION THAT A PRETRIAL DETAINEES HAS A 14TH AMENDMENT DUE PROCESS RIGHTS TO BE FREE FROM ANY PUNISHMENT.

39. DEFENDANT STATES, HOLDING THAT A SIX-MONTH TERM IN SEGREGATION DID NOT IMPOSE AN AN ATYPICAL HARDSHIP WHERE THE INMATES ALLEGED THAT THEIR CELLS WERE INFESTED WITH VERMIN AND SMEARED WITH URINE; THAT NO OUTSIDE RECREATION WAS PERMITTED, THAT THERE WERE NO RELIGIOUS SERVICES AVAILABLE, AND THE FOOD WAS SERVED IN CONSIDERABLY SMALLER PORTIONS.

40. PLAINTIFFS RESPONSE, DEFENDANT STATED THAT SIX-MONTH (180) DAYS IN SEGREGATION DID NOT IMPOSE AN ATYPICAL HARDSHIP, HOWEVER THE PLAINTIFF WAS HELD IN SEGREGATION FOR 520 DAYS WHICH IS 340 MORE DAYS IN SEGREGATION AS A PRETRIAL DETAINEE

(11)

is an atypical/significate hardship in relation to the ordinary incidence of prison life. Restrictions and confinement in punishment, and to punish requires an conviction.

41. Defendant states, the imposition of disciplinary isolation and punitive isolation does not amount to an atypical prison condition, prisoners faced restrictions in mail, telephone, visitation, commissary and personal-possession privileges was not an atypical and significant deprivation.

42. Plaintiffs response, however the issue before the court is _NOT_ disciplinary or punitive isolation, the issue is a pretrial detainee whom is being deprived of his life, liberty, and property. Under the Due Process Clause of the 14th Amendment have a right against jail conditions or restriction that amount to punishment.

43. Defendant states, plaintiff was not denied due process rights when he was placed in administration segregation. He was criminally charged in Scott County circuit court with an attempted escape.

44. Plaintiffs response, the defendant whom convicted the plaintiff before the court did, due process requires a notice, and to punish or restrict an inmate requires an conviction.

(12)

45. DEFENDANT STATES, PLAINTIFFS ATTEMPTED ESCAPE INVOLVED COMPLICATED SCHEME ATTEMPTING TO RESOURCE PEOPLE, HE DEMONSTRATED THE ABILITY TO UNDERTAKE A COORDINATED SCHEME TO ESCAPE. PLAINTIFFS FAILURE TO GRASP THE DIFFERENCE BETWEEN AN ADMINISTRATIVE CLASSIFICATION AND PUNISHMENT DOES NOT CREATE A MATERIAL ISSUE AT TRIAL. PLAINTIFF WAS NOT PUNISHED BY THE JAIL FOR HIS ATTEMPTED ESCAPE. HIS PUNISHMENT WAS METED OUT AFTER HIS GUILTY PLEA. ADMINISTRATIVE SEGREGATION WAS ADMINISTRATIVE IN NATURE. THERE IS NO PROTECTED LIBERTY ISSUE.

46. PLAINTIFFS RESPONSE, THERE IS PROTECTED LIBERTY ISSUES AT STAKE, THE 14TH AMENDMENT IS A PROTECTED LIBERTY UNDER THE CONSTITUTION OF THE UNITED STATES. THE DEFENDANT STATED THE PLAINTIFF WAS NOT PUNISHED BY THE JAIL FOR HIS ATTEMPTED ESCAPE. HOWEVER, WE LOOK AT THE PLAINTIFFS EXHIBITS; 1, 5, 7, 8, 9, 10, 14, 15, 17, 18, 21. EACH OF THOSE EXHIBITS CONTRADICTS THE DEFENDANTS CLAIM THAT THE PLAINTIFF WAS NOT PUNISHED BY THE JAIL FOR HIS ATTEMPTED. THOSE EXHIBITS STATED YOU WERE CHARGED WITH ATTEMPTED ESCAPE THAT IS WHY YOU ARE HOUSED IN THE "SHU" THE DEFENDANT PARKS IS THE ONE WHO STATED EACH OF THOSE EXHIBITS.

(13)

47. AS SUCH, PARKS IS NOT ENTITLED TO SUMMARY JUDGMENT

D. PLAINTIFFS RESPONSE TO DEFENDANTS CLAIM THAT THE PLAINTIFFS EQUAL PROTECTION CLAIM FAILS.

48. DEFENDANT STATES, PLAINTIFFS TREATMENT WAS BASED UPON THE UNIQUE CIRCUMSTANCES, CRIMINAL CHARGES, AND NEED TO CONDUCT THE BUSINESS OF THE JAIL. THERE IS NO REASONABLE DISAGREEMENT AS TO THE FACTS OF WHY PLAINTIFF WAS CONFINED AND TO THE FACTS OF WHY HIS CONDUCT THAT LED TO HIS ADMINISTRATIVE CLASSIFICATION. PLAINTIFFS PERSONAL DISAGREEMENT WITH HIS CLASSIFICATION DOES NOT RISE TO THE LEVEL OF MATERIAL DISPUTE AS TO THE FACTS THAT SUCH THAT IT SHOULD GO TO A TRIER OF FACTS. PLAINTIFF DOES NOT ALLEGE THAT THE DISPARATE TREATMENT PROCEEDED ALONG SUSPECT LINES OR INFRINGED UPON SOME FUNDAMENTAL CONSTITUTIONAL RIGHT.

49. PLAINTIFFS RESPONSE, DEFENDANT STATED PLAINTIFF DOES NOT ALLEGE THAT THE DISPARATE TREATMENT PROCEEDED ALONG SUSPECT LINES OR INFRINGED UPON SOME FUNDAMENTAL CONSTITUTIONAL RIGHT. THE 14TH AMENDMENT IS A CONSTITUTIONAL RIGHT AND UNDER THAT LAW IS EQUAL PROTECTION WHICH STATES; PLAINTIFF MUST SHOW THAT THEY WERE INTENTIONALLY TREATED DIFFERENTLY FROM OTHERS WHO WERE "SIMILARLY SITUATED" AND THERE IS NO RATIONALE BASES FOR THE

(14)

DIFFERENCE IN TREATMENT. THE PLAINTIFFS EXHIBIT: 5, 11, 13, 14, 20; THE FOLLOWING INMATES HAVE ESCAPE CHARGES, CONVICTIONS, OR PENDING ESCAPE. ANTHONY CRAFT, PENDING ESCAPE CHARGE HOUSED IN MAX GB, CODY DAY, ESCAPE CONVICTION GB MAX, DAVID WILLIAMS, ESCAPE FROM DUFFIELD WORK POD, GEORGE HALL ESCAPE CONVICTION WORK POD, HARVEY HAYNES ESCAPE MINIMUM, CHRIS FARMER ESCAPE MAX, SILAS FEE ESCAPE MEDIUM, HOSTILE STRUM 2 ESCAPE CONVICTIONS WORK POD, T.J. HURLEY VIOLENT ESCAPE MINIMUM, SHAWN GOSE ESCAPE MINIMUM. THE DIFFERENCE BETWEEN THE PLAINTIFF AND THESE INMATES IS EACH OF THEM WAS SERVING TIME WHEN THEY ESCAPED, THE PLAINTIFF WAS A PRETRIAL DETAINEE AND WAS BEING PUNISHED WITHOUT A CONVICTION. WHILE THE OTHERS HAD VISITS, COMMISSARY, TV, BOOKS, PAPER. THERE IS DISPUTED FACTS AS IT RELATES TO THE PLAINTIFF EQUAL PROTECTION CLAIM. JAIL OFFICIALS ARE NOT THE LAW UNTO THEMSELVES, THEREFORE CANNOT DO AS THEY PLEASES ABSENT A COLORABLE LEGAL BASIS TO DO SO. IF JAIL OFFICIALS BECOMES A LAW BREAKER THEN THEY ALSO BREED CONTEMPT FOR LAW. THEREFORE PARKS IS NOT ENTITLED TO SUMMARY JUDGMENT.

50. PLAINTIFFS RESPONSE, TO DEFENDANTS PLAINTIFFS CLAIM FOR FIRST AMENDMENT VIOLATION FAILS.

50. DEFENDANT STATES, PLAINTIFF ALLEGES HIS OUTGOING

(15)

MAIL WAS SEARCHED ILLEGALLY "WITHOUT QUESTION, THE OPENING AND INSPECTING OF ALL INMATES OUTGOING MAIL IS REASONABLY RELATED' TO A LEGITIMATE PENOLOGICAL INTEREST, AND THEREFORE, CONSTITUTIONAL". PLAINTIFF PLEADS NO FACTS THAT AMOUNT TO A WRONGFUL CENSORSHIP OR A CENSORSHIP AT ALL. SEE PROCUNIER V. MARTINEZ, 416 US 396 1974.

51. PLAINTIFFS RESPONSE, A PRISONER HAS A CONSTITUTIONAL RIGHT TO HAVE HIS OUTGOING MAIL PROCESSED FOR DELIVERY, ABSENT LEGITIMATE PENOLOGICAL INTERESTS TO THE CONTRARY. THORNBURGH V. ABBOTT 490 US 401, 109 Sct 1874 (1989). HOWEVER, ACCORDING TO THE DEFENDANT ~~PARRISON~~ Parks WHO WAS THE CHIEF OF SECURITY DURING THIS TIME PERIOD, RELEVANT TO THE CIVIL ACTION NO: 7:18CV00044. THE PLAINTIFF WILL RELY ON THE FACTS, THAT NOT ONLY HAS THE PLAINTIFF PRESENTED BEFORE THIS, BUT THE DOCUMENTS THE DEFENDANT HAS PRESENTED AS WELL.

52. PLAINTIFFS RESPONSE, THE COURT MUST RELY ON THE FACTS THAT HAVE BEEN PLEADED BY THE PLAINTIFF AND THE DEFENDANT, THE PLAINTIFF PRESENTED TO THE COURT EXHIBIT 22 THROUGH 31. THE EXHIBIT 31 IS A RESPONSE FROM THE DEFENDANTS PARKS WHEN QUESTIONED IF THE PLAINTIFFS OUTGOING MAIL HAD BEEN SEARCHED OR CENSORED? THE DEFENDANT RESPONSE NO "LAWS" WERE VIOLATED. MAIL WAS NOT SEARCHED. HOWEVER, THE PLAINTIFF WOULD LIKE TO PROVIDE A FEW PIECES OF EVIDENCE THE DEFENDANT HAS PLEADED, RESPONSE TO THE DISCOVERY PAGE 6, READS THE FOLLOWING: PARKS ADMITS PLAINTIFFS OUTGOING MAIL WAS SEARCHED. LAST PARAGRAPH

(16)

STATES; PARKS DENIES THE JAIL CENSORED OR ALTERED THE MAIL. PLAINTIFF WILL NOW PRESENT TO THE COURT THE DEFENDANTS DOCUMENT 18 FILED 4/27/18, PAGE 4 STATES; PLAINTIFF ALLEGES THAT HE WAS HANDED A COPY OF MAIL BY THE COMMONWEALTH ATTORNEY THAT THE PLAINTIFF SENT FROM THE JAIL TO A THIRD PARTY.

53. DEFENDANT STATES, THE MOST OBVIOUS EXPLANATION FOR THESE FACTS IS THE COMMONWEALTH'S ATTORNEY WAS GIVEN A COPY DIRECTLY BY THE LETTER'S INTENDED RECIPIENT.

54. PLAINTIFF'S RESPONSE, WOULD LIKE TO PRESENT TO THE COURT EXHIBIT 22, THE FRONT OF THE ENVELOPE WITH THE REC'D 5-25-17, NOTICE THERE IS NO MARKINGS FROM THE UNITED STATES POSTAL SERVICE, TO SHOW THIS MAIL HAD EVER BEEN PROCESSED. TO THE DEFENDANTS EXPLANATION THAT THE RECIPIENT WAS THE OBVIOUS PERSON TO HAVE DELIVERED THE LETTER TO THE COMMONWEALTH ATTORNEY. THIS WOULD BE ABSOLUTELY IMPOSSIBLE SINCE THERE IS NO TRACKING INFORMATION AND IT HAD NOT BEEN DELIVERED.

55. PLAINTIFF WOULD ADDRESS THE COURT TO EXHIBIT 23 THE BACK OF THE ENVELOPE THERE IS NO MARKS OR STAMP BY THE THE JAIL, ACCORDING TO EXHIBIT 28 ALL OUTGOING MAIL IS STAMPED. "THIS OUTGOING MAIL HAS NOT BEEN CENSORED OR CONTENTS SEARCHED

(17)

BY THE S.W.V.R.J.A. However, that statement would be absolutely incorrect. According to the defendant Parks who said he knew the plaintiffs outgoing mail was being searched, and the following paragraph stated by Parks is he denies the jail censored or altered the mail. However, according to the sworn affidavit of Jeannie Patrick administrative lieutenant at the Southwest Virginia Regional Jail - Abingdon, Virginia. Affidavit question #8 states the SWVRJA did not censor, delete, redact, alter, or otherwise fail to deliver any of Tates legal or non-legal mail. However, as a result of Tate's escape attempt and use of the mail to facilitate his attempted escape, all of Tate's non-legal mail was inspected prior to being placed in the mail. Furthermore, Major Brian Parks is not personally involved in the inspection of Tate's or any other inmate's mail.

56. Plaintiffs response, Before the court we have conflicting statements so as stated "Brian Parks who was chief of security was not personally involved in the inspection of Tate's mail. Is that not security however defendant Parks did admit to it being searched and then he denied it. However, if the mail has been search or censored the facility cannot stand stating it has not

(18)

BEEN SEARCHED OR CENSORED. THAT IN LIGHT OF THE LAW
IS FALSIFICATION OF UNITED STATE POSTAL MAIL. FOR THE
FOREGOING REASONS, PARKS IS NOT ENTITLED TO A SUMMARY
JUDGMENT AS IT RELATES TO THE PLAINTIFF'S FIRST AMENDMENT
CENSORSHIP CLAIM.

d. DEFENDANT STATES PLAINTIFF CLAIM FOR INJUNCTION RELIEF FAILS

57. DEFENDANT CLAIMS PARK IS ENTITLED TO SUMMARY JUDGMENT
ON THE PLAINTIFF'S CLAIM FOR INJUNCTION RELIEF WHICH IS "MOOT"

58. PLAINTIFF'S RESPONSE, YES THE PLAINTIFF'S CLAIM FOR INJUNCTION
RELIEF IS MOOT.

59. PLAINTIFF'S RESPONSE, HOWEVER MONETARY RELIEF IS STILL
VERY MUCH AT STAKE. MONETARY DAMAGES ARE BEING SOUGHT.

e. PLAINTIFF'S RESPONSE, TO DEFENDANT'S CLAIM OF PARKS IS ENTITLED TO
ABSOLUTE IMMUNITY

60. DEFENDANT STATES, TO STATE A CLAIM UNDER § 1983 ONE MUST ALLEGE THAT
THE DEFENDANT (1) ACTED UNDER COLOR OF STATE LAW AND
(2) DEPRIVED THE PLAINTIFF OF A CONSTITUTIONAL RIGHT, PRIVILEGE,
OR IMMUNITY. TO ESTABLISH THE STANDARD FOR QUALIFIED IMMUNITY.
THE COURT STATED: GOVERNMENT OFFICIALS PERFORMING DISCRETIONARY
FUNCTIONS ARE GENERALLY SHIELDED FROM LIABILITY FOR CIVIL
DAMAGES INSOFAR AS THEIR CONDUCT DOES NOT VIOLATE CLEARLY
ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A
REASONABLE PERSON WOULD HAVE KNOWN.

61. PLAINTIFF'S RESPONSE, HOWEVER THE DEFENDANT HAS CLEARLY INFRINGED
UPON A CLEARLY ESTABLISHED FUNDAMENTAL RIGHT WHICH A REASONABLY

(19)

prudent official would have known. The plaintiff has stated under §1983 the defendant Bryan Parks was (1) acting under color of state law and (2) deprived the plaintiff of a constitutional rights. Jail officials not immune from liabilites for official acts when motivated by malicious intent to deprive an inmate of constitutional rights. Therefore defendant Bryan Parks is not entitled to qualified immunity and the action against him should not be dismissed.

**II.** Plaintiffs Response to Defendants Affidavit of Jeannie Patrick

62. Jeannie Patrick is employed as the Administrative Lieutenant by the Southwest Virginia Regional Jail — Abingdon, Virginia. Ms Patrick states she familiar with the SWVRJA Procedures and Policies, inmate records keeping system, and inmate medical records.

63. Plaintiff's Response, Ms Jeannie Patrick is employed at the SWVRJA, but her office is in Abingdon, Virginia not Duffield, Virginia which is where the plaintiff was housed.

64. Ms Patrick states, SWVRJA policy establishes privileges granted to each inmate upon incarceration unless there are security or management risk. Inmate can longer be granted all privileges afforded to the general population, they are placed in the administrative special housing where greater supervision is provided.

65. Plaintiff's Response, to take away privileges or restriction in confinement that amounts to punishment requires a conviction.

(20)

AS A PRETRIAL DETAINEE, THERE IS ABSOLUTELY NO QUESTION HAVE A 14TH AMENDMENT DUE PROCESS RIGHTS TO BE FREE FROM ANY PUNISHMENT.

66. MS. PATRICK STATES, ADMINISTRATIVE SPECIAL HOUSING IS NOT A PUNITIVE OR DISCIPLINARY MEASURE. ADMINISTRATIVE HOUSING IS USED WHERE AN INMATE IS PENDING INVESTIGATION, POSES A SECURITY THREAT TO THE FACILITY, CRIMINAL INVESTIGATION.

67. PLAINTIFF'S RESPONSE, MS. PATRICK DOES NOT STATE HOW LONG A PRETRIAL DETAINEE CAN BE HELD ON ADMINISTRATIVE SEGREGATION, OR HOW OFTEN A JAIL OFFICIAL HAS TO CONDUCT A REVIEW AND HEARING OF THE DETAINEE HELD IN ADMINISTRATIVE SEGREGATION. THE PLAINTIFF WAS HELD IN THE "SHU" ON ADMINISTRATIVE SEGREGATION FOR 520 DAYS.

68. MS. PATRICK WAS QUICK TO REPORT THE ORIGINAL CHARGES THAT HAD ME PLACED AT THE JAIL (WHICH WILL BE ADDRESSED AT TRIAL JANUARY 29 + 30, 2019)

69. MS. PATRICK, PROVIDED THE EXHIBIT A. THE LETTER TO MY WIFE, A COPY OF THE INCIDENT REPORT RELATIVE TO TATE'S ESCAPE ATTEMPT IS EXHIBIT B.

70. PLAINTIFF'S RESPONSE, THERE HAS NEVER BEEN ONE MOTION OR PLEADING, THAT THE PLAINTIFF HAS NOT BEEN STRAIGHT FORWARD ABOUT THE ATTEMPTED ESCAPE. THE PLAINTIFF HAS NEVER DENIED.

71. MS PATRICK, STATES THE SWVRJA DID NOT CENSOR, DELETE, REDACT ALTER, OR FAIL TO DELIVER ANY OF TATE'S MAIL. ALL OF TATE'S MAIL WAS INSPECTED PRIOR TO BEING PLACED IN THE MAIL.

(21)

MS. PATRICK STATES, FURTHERMORE MAJOR BRIAN PARKS IS NOT PERSONALLY INVOLVED IN THE INSPECTION OF TATE'S MAIL. HOWEVER, ACCORDING TO THE DEFENDANT PARKS HE STATED ALL OF THE PLAINTIFFS OUTGOING MAIL WAS COPIED, THEM PLACED IN THE MAIL TO THE INTENDED RECIPIENT. DEFENDANT PARKS ALSO STATED THE OUTGOING WAS NOT SEARCH.

72. PLAINTIFF'S RESPONSE, DEFENDANT PARKS HAS STATED MULTIPLE SCENERIOS TO HE EITHER KNEW ABOUT, HAD KNOWLEDGE, AS CHIEF OF SECURITY HIS PERSONAL INVOLVEMENT IS PROVEN

73. MS PATRICK PROVIDES THE COURT WITH EXHIBIT C AND EXHIBIT D WHICH IS A BOND HEARING AND PLEA AGREEMENT

74. PLAINTIFFS RESPONSE, TO THE BOND HEARING AND PLEA AGREEMENT THAT HAS NEVER BEEN DENIED, THE ISSUE AT HAND WAS THE 14TH AMENDMENT EQUAL PROTECTION, PRETRIM DETAINEE.

75. MS PATRICK STATES THE SWVRJA USES A POINT SYSTEM, TATE'S POINTS BASED SECURITY CLASSIFICATION PLACED HIM IN THE HIGHEST CLASSIFICATION LEVEL MAX. MS. PATRICK CONTINUES THAT THE PLAINTIFF'S ATTEMPTED ESCAPE NECESSITATED HIS HOUSING IN ADMINISTRATIVE SEGREGATION FOR 520 DAYS AS A PRETRIAL DETAINEE.

76. PLAINTIFF'S RESPONSE, HOWEVER MS ATRICK ONLY POINTS OUT THE PLAINTIFF. THE PLAINTIFF WAS BEING TREATED DIFFERENTLY FOR NO REASON. THERE WAS SEVERAL INMATES WITH ESCAPE CHARGES, PENDING ESCAPE CHARGES, VIOLENT ESCAPE, HOUSED IN THE WORK POD, MINIMUM, MEDIUM, MAX. NOT IN THE SHU.

(22)

77. Ms Patrick, provided a copy of the court ordered to treatment when he was found incompetent to stand trial, that is exhibit E. She also stated Tate was in medical housing 4-18-2017 to 4-19-2017 for suicidal gestures or ideations.

78. Plaintiffs response, the plaintiff suffers from anxiety, depression, post traumatic stress disorder, flashbacks, emotional distress, sleeplessness. Being housed in the SHU on administrative segregation as a pretrial detainee for 520 days only enhanced the mental problems, and stability. The mental health person Ms Summers at the jail tried to get the plaintiff moved out of the SHU. But was ultimately denied by Meeks.

79. Ms Patrick provided a charge in house on 9-3-17, for alleged tobacco and alls. However that charge without any process was dismissed.

80. Plaintiff response, the charge was dismissed or dropped. Since that was not the character of the plaintiff.

81. Ms Patrick provided dates 1-25-18 Tate always plea to the criminal charge. Following the plea and sentencing. The plaintiff was taken off of administrative segregation.

82. Plaintiffs response, after 520 days they broke me down to always plea when I was innocent. Then I was no longer a threat to security that is why this civil rights 1983 continues to prevail. The violation of constitutional rights.

(23)

83. COMMONWEALTH DELIBERATE IN ARBITRARY ABUSE OF AUTHORITY VIOLATES SUBSTANTIVE DUE PROCESS. TO ESTABLISH A SUBSTANTIVE DUE PROCESS A PRISONER MUST PROVE THAT HE HAS BEEN DEPRIVED OF A PROTECTED LIBERTY/PROPERTY INTEREST. BY ARBITRARY OR COMPRISED GOVERNMENT ACTIONS.

## V   CLAIMS FOR RELIEF

84. THE ACTIONS OF DEFENDANT BRYAN PARKS FOR VIOLATION OF THE PLAINTIFF'S FIRST AMENDMENT CENSORSHIP, FOURTEENTH AMENDMENT (PUNISHMENT AS A PRETRIAL DETAINEE 520 DAYS ON ADMINISTRATIVE SEGREGATION, DUE PROCESS CLAUSE, EQUAL PROTECTION CLAUSE).

85. THE PLAINTIFF PRAYS THIS COURT WILL DENY THE DEFENDANT MOTION FOR SUMMARY JUDGMENT.

## VI   RELIEF REQUESTED

WHEREFORE, PLAINTIFF REQUEST THAT THE COURT GRANT THE FOLLOWING RELIEF:

A. ISSUE A DECLARATORY JUDGMENT STATING THAT:

1. DEFENDANT BRYAN PARKS FOR VIOLATION OF PLAINTIFFS FIRST AMENDMENT. (ILLEGALY SEARCHING OUT GOING MAIL)

2. DEFENDANT BRYAN PARKS FOR VIOLATION OF FIRST AMENDMENT (ACCESS TO LAW LIBRARY DENIED)

3. DEFENDANT BRYAN PARKS FOR VIOLATION OF PLAINTIFFS 14TH AMENDMENT (PUNISHMENT AS A PRETRIAL DETAINEE 520 ON ADMINISTRATIVE HOUSING) (DUE PROCESS CLAUSE) (EQUAL PROTECTION CLAUSE)

(24)

B. Award Compensatory Damages in the Following Amounts.

1. $150,000.00 in Defendant Bryan Parks, Individual and Severity for the Physical and Emotional Injuries Sustained by the Plaintiff from August 4, 2016 - February 2, 2018 for Being Held on Administrative Segregation 520 Days as a Pretrial Detainee

2. $50,000.00 in Defendant Bryan Parks, Individual and Severity for the Punishment and Emotional Injury Resulting from the Denial of Due Process under the 14th Amendment from August 4, 2016 - February 2, 2018.

3. $50,000.00 in Defendant Bryan Parks, Individual and Severity for the Punishment and Emotional Injuries Resulting in the Denial of Equal Protection Clause under the 14th Amendment from August 4, 2016 - February 2, 2018.

4. $25,000.00 in Defendant Bryan Parks, Individual and Severity for the Emotional and Physical Injuries for the Denial of Access to the Law Library from August 4, 2016 - June 6, 2017

5. $25,000.00 in Defendant Bryan Parks, Individual and Severity for the Punishment and Emotional Injuries in Results of First Amendment Censorship.

C. Award Punitive Damages in the Following Amount:
$40,000.00 in Defendant Bryan Parks Individual Capacities for the Suffering from Aug 4, 2016 - Feb 2, 2018

(25)

A PRISONER IS NOT STRIPPED OF CONSTITUTIONAL RIGHTS (PROTECTIONS) AT THE PRISON GATE, BUT RATHER HE RETAINS ALL RIGHTS OF AN ORDINARY CITIZEN. BELL V. WOLFISH, 441 US 520, 60 LEd2d 447, 99 SCt 1800 (1979).

RESPECTFULLY SUBMITTED
ALBERT S. TATE
1843977
KMCC
3402 KENNEL GAP ROAD
OAKWOOD, VA 24631
Aug 17, 2018

CERTIFICATE OF SERVICE

I DO HEREBY THAT A TRUE AND CORRECT COPY OF THE FOREGOING BRIEF IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT WAS SENT THIS 17 DAY OF AUGUST 2018 TO: ATTORNEY JOSEPH PIASTA 310 FIRST STREET SW SUITE 700 ROANOKE, VA 24011 AND TO US DISTRICT COURT 210 FRANKLIN RD ROOM 540 ROANOKE, VA 24011

TOTAL 57 PAGES

(26)